IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05cr213-LSC |
| | ) | WO |
| JERRY WAYNE CULVER | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

A psychological report has been filed with the court in this case pursuant to the provisions of 18 U.S.C. §§4247 (b) and (c). The report, prepared by Dr. Christine Scronce, indicates that defendant currently suffers from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Under 18 U.S.C. §4247, defendant is entitled to a hearing on the subject of his competency to stand trial. At such a hearing, he would be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing. 18 U.S.C. §4247. In this case, no hearing has been requested, and both parties agree that the evaluation provided by the examiner should be adopted by the court, and that the defendant should be committed for further treatment and evaluation pursuant to 18 U.S.C. §4241(d).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 18 USC § 4241(d), the court should:

  (1) enter a finding by a preponderance of the evidence, without the need for further hearing, that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

  (2) commit the defendant to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed, or the pending charges against him are disposed of according to law, whichever is earlier.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 16th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE